# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH YOHN, | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Elizabeth Yohn, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Amazon.com Service, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Family and Medical Leave Act of 1993 (hereinafter referred to as the "FMLA"), 29 U.S.C. § 2601, *et seq*. and the Americans With Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (hereinafter referred to as the "ADA"), 42 U.S.C. §12101 *et seq.*

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367, in that this District Court for the Middle District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Elizabeth Yohn (hereinafter "Ms. Yohn" or "Plaintiff") is an adult individual residing in Cumberland County.

6. Ms. Yohn has been medically diagnosed with and suffers from anxiety, depression, and bipolar disorder.

7. Ms. Yohn's diagnoses severely limit and impair substantial life activities, including but not limited to, the ability to concentrate, make decisions, interact with others, communicate effectively, sleep, eat, and/or learn.

8. As a result of these limitations and impairments, Ms. Yohn's anxiety, depression, and bipolar disorder qualify as disabilities under the ADA and serious medical conditions under the FMLA.

9. Defendant, Amazon.com Services, LLC (hereinafter "Amazon) is a Delaware foreign business corporation with a primary business address at 410 Terry Avenue North, Seattle, Washington 98109.

10. At all times relevant to this Complaint, Amazon owned and operated a fulfillment center/warehouse located at 21 Roadway Drive, Carlisle, Cumberland County, Pennsylvania 17015 ("Carlisle Location").

11. At all times relevant to this complaint, Amazon employed in excess of fifty (50) employees, including Ms. Yohn, making Amazon an "employer" as defined under the ADA and the FMLA.

**ADMINISTRATIVE PROCEEDINGS**

12. On or about March 26, 2023, Ms. Yohn filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as Charge No. 520-2023-04023, with instructions to dual file the Complaint with the Pennsylvania Human Relations Commission ("PHRC").

13. Ms. Yohn has been advised of her right to sue in federal court, which notice was issued by the EEOC on December 19, 2023, and received thereafter.

14. Ms. Yohn has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.[1]

## STATEMENT OF FACTS

15. Ms. Yohn began employment with Amazon in 2010 as a temporary employee, and was permanently hired by Amazon on or about February 12, 2011, at which point she worked as an Outbound Warehouse Associate at its Carlisle location.

16. In or around 2015, Ms. Yohn was transferred to an Inbound Warehouse position.

17. In or around 2020, Ms. Yohn was promoted to the role of Backup Supervisor.

18. During her employment with Amazon, Ms. Yohn was an exemplary employee, performing her job in a satisfactory manner and complying with all responsibilities and duties.

19. In or around 2019, Ms. Yohn was diagnosed with depression, anxiety, and bipolar disorder.

---

[1] Ms. Yohn's claims for disability discrimination were dual filed with the PHRC on or about March 23, 2023. As such, Ms. Yohn intends to amend her Complaint to include these state claims once they become ripe one year from their PHRC filing date.

20. Soon after these diagnoses, Ms. Yohn informed Amazon of the diagnoses and requested and received intermittent FMLA leave to treat the conditions.

21. Ms. Yohn also requested and received workplace accommodation(s) that excused her from performing certain non-essential functions of her job position.

22. Ms. Yohn's intermittent FMLA leave and workplace accommodation(s) were provided to her until September 2022, at which point she would need to recertify for both the leave and the accommodations.

23. In or around September 2022, Ms. Yohn's shift began to overlap with a new shift manager, Rick Friend. Mr. Friend was not the shift manager when Ms. Yohn was granted intermittent FMLA leave and workplace accommodations.

24. Mr. Friend immediately removed all workplace accommodations that were previously provided to Ms. Yohn.

25. Due to Mr. Friend's abrupt conduct, Ms. Yohn was forced to use more of her intermittent FMLA leave than would have been necessary.

26. Ms. Yohn was also required to request additional paperwork to apply for her workplace accommodation(s) to be reinstated.

27. While Ms. Yohn's request for renewal of her workplace accommodation(s) was being processed, Mr. Friend continued to challenge her request and forced her to work without any accommodations.

28. In or around October 2022, Ms. Yohn's request for workplace accommodation(s) was approved.

29. Soon after, in or around December 2022, Ms. Yohn was terminated for allegedly violating company policy.

30. Specifically, Amazon claimed that Ms. Yohn was terminated for going out to her car to take prescription medication required to manage her disabilities.

31. Amazon was expressly aware of this practice as Amazon management previously suggested the practice to Ms. Yohn.

32. As such, Amazon's claim that Ms. Yohn was terminated for merely going to her car to take her prescription medication – a longstanding practice of Ms. Yohn that was suggested by Amazon – was nothing more than a pretext to terminate her because she was on intermittent FMLA to manage her serious medical conditions and/or because she is disabled and requested workplace accommodation(s).

33. It is illegal under the FMLA and ADA for an employer to interfere with an employee's right to protected leave to treat a serious medical condition and to discriminate against an employee based on his or her disability or to deny an employee a reasonable accommodation for a disability.

34. Based upon the above-referenced facts, Amazon subjected Ms. Yohn to both unlawful interference with her job-protected leave pursuant to the FMLA

and to unlawful disability discrimination (both disparate treatment and failure to accommodate) pursuant to the ADA.

## COUNT I

**FMLA VIOLATIONS**
*Interference of Rights*

35. All prior paragraphs are incorporated herein as if set forth fully below.

36. Ms. Yohn had the right under the FMLA to twelve (12) weeks of leave in a fifty-two (52) week period to treat her serious medical conditions.

37. The FMLA prohibits an employer from interfering and/or discriminating against an employee for exercising her FMLA rights.

38. Amazon violated MS. Yohn's FMLA rights by terminating her because she exercised her right to take leave to treat serious medical conditions.

39. Accordingly, Defendant interfered with and retaliated against Plaintiff for exercising her federal rights under the FMLA.

WHEREFORE, Plaintiff, ELIZABETH YOHN, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

**ADA Violations**
*Discrimination*

40. All prior paragraphs are incorporated herein as if set forth fully below.

41. Ms. Yohn is within the protective class of individuals as designated by the ADA.

42. Ms. Yohn is a qualified individual with disabilities; specifically, Ms Yohn is diagnosed with anxiety, depression, and bipolar disorder.

43. Ms. Yohn's disabilities substantially limit her ability to perform major life activities.

44. Ms. Yohn was able to perform the essential functions of her job with or without a reasonable accommodation.

45. Amazon violated the ADA by discriminating against Ms. Yohn because of her disabilities, and consequently terminating her employment.

46. The illegal discrimination was based in whole or in part upon Ms. Yohn's disability.

47. As a direct and proximate result of the conduct of Amazon in violating the ADA by discriminating against Ms. Yohn on the basis of her disability, Ms. Yohn has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, ELIZABETH YOHN, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## **COUNT III**

### **ADA VIOLATION**
### *Failure to Accommodate*

48. All prior paragraphs are incorporated herein as if set forth fully below.

49. Ms. Yohn is within the protective class of individuals as designated by the ADA.

50. Ms. Yohn is a qualified individual with disabilities; specifically, Ms Yohn is diagnosed with anxiety, depression, and bipolar disorder.

51. Ms. Yohn's disabilities substantially limit her ability to perform major life activities.

52. At all times relevant to this Complaint, Ms. Yohn was qualified for and able to perform the essential functions of her job with a reasonable accommodation.

53. As previously set forth above, after Ms. Yohn requested a continuance of her previously granted workplace accommodation(s), Amazon forced her to work without the accommodation(s) while her request was pending.

54. As previously set forth above, soon after Ms. Yohn's accommodation(s) were reinstated, Amazon terminated Ms. Yohn under the pretext that she had gone to her car to take her prescription medication.

55. As a direct and proximate result of Amazon's conduct in violating the ADA by terminating Ms. Yohn for requesting and having her reasonable accommodation(s) approved, Ms. Yohn has been permanently and irreparably

harmed and damaged, and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to her career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

56. Amazon's discrimination of and failure to accommodate Ms. Yohn's disabilities constitute violations of her federal rights under the ADA.

WHEREFORE, Plaintiff, ELIZABETH YOHN, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH YOHN, prays that this Honorable Court enter judgment in her favor and against Defendant, AMAZON.COM SERVICES, LLC, and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from interfering with and/or discriminating against Plaintiff on the basis of her disabilities and serious medical conditions, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or discriminating or retaliating against employees based on their

      disabilities or serious medical conditions, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c.   Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d.   Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

f.   Liquidated damages under the FMLA;

g.   Reinstatement under the FMLA if appropriate;

h.   Plaintiff is to be awarded punitive damages as provided for under the ADAAA;

i. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

j. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

k. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

l. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

m. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                                  Respectfully submitted,

                                                  **WEISBERG CUMMINGS, P.C.**

February 16, 2024                              */s/ Derrek W. Cummings*
Date                                                     Derrek W. Cummings (PA 83286)
                                                      dcummings@weisbergcummings.com

                                                      */s/ Larry A. Weisberg*
                                                      Larry A. Weisberg (PA 83410)
                                                      lweisberg@weisbergcummings.com

                                                      */s/ Michael J. Bradley*
                                                      Michael J. Bradley (PA 329880)
                                                      mbradley@weisbergcummings.com

                                                      */s/ Steve T. Mahan*
                                                      Steve T. Mahan (PA 313550)
                                                      smahan@weisbergcummings.com

                                                      2704 Commerce Drive, Suite B
                                                      Harrisburg, PA 17110
                                                      (717) 238-5707
                                                      (717) 233-8133 (FAX)

                                                      *Counsel for Plaintiff*